IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FURQUAN S. MUHAMMAD, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| C. SCHAUER et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:21-CV-565-SDG-AJB |

UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION

Plaintiff, Furquan S. Muhammad, confined in the Henry County Jail in McDonough, Georgia, submitted a fourth amended pro se civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 11.]¹ Plaintiff paid the $350.00 filing fee and $52.00 administrative fee. [Dkt. Entry May 20, 2021.] The case is now before the Court for screening under 28 U.S.C. § 1915A.

I.   **28 U.S.C. § 1915A Standard**

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is

---

¹ Plaintiff states that he wishes to file an additional case. [*See* Doc. 11 at 1.] The Clerk is **DIRECTED** to send Plaintiff a blank § 1983 complaint and prisoner application for leave to proceed *in forma pauperis*.

frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570.

To satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam). The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully. *See Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 803 F.3d 565, 568 (11th Cir. 2015) (per curiam).

The Court construes the factual allegations favorably to a pro se plaintiff and holds pro se pleadings to "less stringent standards than formal pleadings drafted by

2

lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[T]his leniency does not permit the [Court] to act as counsel for a party or to rewrite deficient pleadings . . . ." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .") (italics in original).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

## II.   Discussion

Plaintiff brings this action against Defendants, Officers C. Schauer and R. Stillwell. [Doc. 11 at 2, 4.] Plaintiff states that he asked Stillwell for a medical request form on February 18, 2021, at 4:45 p.m., because he "had been coughing

3

up blood and was having chest pains." [*Id.* at 4.] Six hours later, Plaintiff reminded Stillwell that he wanted the form, but Stillwell never provided it. [*Id.*] Plaintiff "tried to get medical attention for [his] excruciating pain" during the next two days, but he does not specify any officers with whom he interacted. [*Id.*] On February 21, 2021, Plaintiff "pressed the button and notified [Schauer] that [he] could barely breath[e] and was having chest pains and coughing up blood at [approximately] 1:00 p.m." [*Id.* at 4-5.] Schauer laughed and told Plaintiff to "get off [his] button." [*Id.* at 5.] Two hours later, Plaintiff "pressed the button again" and repeated his medical complaints to Schauer. [*Id.*] Schauer responded: "Let me know when you're dead." [*Id.*] Another officer overheard Schauer and "eventually" obtained medical attention for Plaintiff. [*Id.*] The medical department "cleared" Plaintiff and scheduled an appointment for him to see a doctor. [*Id.* at 5, 7.] One week later, a doctor prescribed medications for a lung infection. [*Id.* at 5.] Plaintiff seeks monetary relief. [*Id.*]

Deliberate indifference to a prisoner's serious medical needs violates the Eighth and Fourteenth Amendments, and the standard is the same under both amendments. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc).

> To prevail on a claim for inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. . . . He must show an objectively serious deprivation of medical care by demonstrating (1) an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm, and (2) that the prison official's response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. . . . A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. . . .
>
> A prisoner must also show a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. . . . To satisfy this requirement, a prisoner can show the prison official's: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. . . . Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all.

*Barnes v. Martin Cty. Sheriff's Dep't*, 326 Fed. Appx. 533, 534-35 (11th Cir. May 29, 2009) (per curiam) (citations and internal quotation marks omitted). When medical attention is delayed, the relevant factors for consideration are the following: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).

Plaintiff fails to state a claim against Stillwell.  Plaintiff does not allege that Stillwell saw him coughing up blood and having chest pains on February 18, 2021.  Therefore, it was not obvious to Stillwell that Plaintiff needed medical attention.  Although Stillwell never provided a medical request form, Plaintiff does not show that Stillwell (1) inflicted pain wantonly rather than negligently, and (2) acted with deliberate indifference by subjectively intending to punish him.  Plaintiff fails to show that the delay in receiving a medical request form worsened his condition.  Furthermore, Plaintiff's lung infection was not very serious because (1) the medical department "cleared" him on February 21, 2021, and scheduled an appointment for him to see a doctor, and (2) a doctor prescribed medications one week later.  [Doc. 11 at 5, 7.]

Plaintiff also fails to state a claim against Schauer.  Plaintiff does not allege that Schauer saw him coughing up blood and having chest pains on February 21, 2021.  Therefore, it was not obvious to Schauer that Plaintiff needed medical attention.  Schauer's responses to Plaintiff's medical complaints — laughing, telling him to "get off [his] button," and saying "Let me know when you're dead" — were consequently poor and verbally abusive but did not rise to the level of a wanton infliction of pain.  [*Id.* at 5.]  "[V]erbal abuse alone is insufficient to state a constitutional claim."  *Hernandez v. Fla. Dep't of Corr.*, 281 Fed. Appx. 862, 866

(11th Cir. June 9, 2008) (per curiam). Plaintiff fails to show that Schauer subjectively knew of a risk of serious harm to Plaintiff.

Schauer caused a two-hour delay in Plaintiff's receipt of medical attention, but there is no indication that the delay worsened his condition. Plaintiff had already been seeking medical attention since February 18, 2021. When Plaintiff ultimately received it on February 21, 2021, the medical department "cleared" him. [*Id.* at 5, 7.] Because the medical department scheduled an appointment for Plaintiff to see a doctor, and a doctor prescribed medications one week later, Plaintiff's lung infection was not very serious. The undersigned concludes that Plaintiff fails to satisfy the deliberate indifference standard.

Plaintiff may not pursue any negligence claims in this Court. A federal court has diversity jurisdiction over civil actions where the matter in controversy exceeds the value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In the present case, all parties appear to be citizens of Georgia. Therefore, diversity jurisdiction is absent, and this case should be dismissed. Plaintiff may pursue any negligence claims in the proper Georgia state court.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 15th day of November, 2021.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE