IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FURQUAN S. MUHAMMAD,
    Plaintiff,

v.

C. SHAUER, *et al.*,
    Defendants.

Civil Action No.
1:21-cv-00565-SDG

**OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Alan J. Baverman's Report and Recommendation (the R&R) [ECF 12], recommending dismissal of this action, and Plaintiff Furquan S. Muhammad's Objections [ECF 15] to the R&R.[1] After careful consideration of the entire record, Muhammad's Objections [ECF 15] are **OVERRULED**, and the R&R [ECF 12] is **ADOPTED AS MODIFIED**.

On February 2, 2021, Muhammad, an inmate at the Henry County Jail in McDonough, Georgia, filed the instant 42 U.S.C. § 1983 civil rights complaint

---

[1] On November 22, 2021, after Judge Baverman issued the R&R, the Clerk received Muhammad's amended complaint, which the Court deems filed the same day it was executed—April 19, 2021 [ECF 14]. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988) (noting that a *pro se* inmate's complaint is deemed filed the date he or she places it in the prison mail system for delivery to the court.) That amended complaint is thus superseded and replaced by the amended complaint Muhammad signed on August 4, 2021 [ECF 11].

against two deputies—Defendants C. Shauer and R. Stillwell—who, he claims, were deliberately indifferent to his serious medical needs arising from a purported lung infection. The facts Muhammad pleads, if true, are particularly gruesome. However, they are sufficiently detailed in the R&R and need not be repeated here.

On November 15, after reviewing Muhammad's claims pursuant to 28 U.S.C. § 1915A, Judge Baverman determined that Muhammad failed to state a claim of deliberate indifference in violation of the Eighth and Fourteenth Amendments as to either Defendant. *See generally Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (discussing the deliberate indifference standard). Judge Baverman noted that Muhammad never alleged that Stillwell or Schauer saw any physical manifestation or side effects related to Muhammad's infection, and, while Schauer might have been verbally abusive, neither Defendant was objectively aware that Muhammad had a serious medical need that required treatment.[2] Judge Baverman also noted that Muhammad failed to allege that any delay by Defendants in obtaining care for him caused his condition to worsen or resulted in additional injury.[3]

---

[2] ECF 12, at 6.

[3] *Id.* at 6-7.

To the extent Muhammad alleges negligence, Judge Baverman found that the Court could not exercise subject matter jurisdiction over this case because all parties—including several other named Defendants—appear to be citizens of Georgia, eliminating the potential for complete diversity of citizenship.[4] Accordingly, Judge Baverman recommended that Muhammad's lawsuit be dismissed as frivolous.

On November 29, Muhammad timely objected to the R&R.[5] In his Objections, Muhammad argues that Correct Health, the jail's medical provider, should be added as a defendant.[6] He also insists that he complained about his lung condition twice to Schauer such that Schauer's abusive response and disregard of it constituted deliberate indifference.[7]

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353,

---

[4]   *Id.* at 7.

[5]   ECF 15.

[6]   *Id.* at 1.

[7]   *Id.*

1361 (11th Cir. 2009). A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980); *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis, and any portion to which there is no objection for clear error. "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

First, Muhammad does not object to Judge Baverman's finding that he has not stated a deliberate indifference claim against Stillwell. Finding no clear error, the Court adopts the R&R on this point.

Second, regarding Schauer, Muhammad does not object to Judge Baverman's determination that he failed to allege that Schauer's delay caused him any additional harm, especially considering that the jail's medical department "cleared" him shortly after his encounter with Schauer. Finding no clear error, the Court adopts the R&R on this point. Further, reviewed *de novo*, Muhammad fails to allege that any verbal abuse or inaction on Schauer's part worsened his condition, which is required to state a claim of deliberate indifference. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (noting that, in order to establish

deliberate indifference with respect to a delay in medical treatment, the plaintiff must show, *inter alia*, that "the delay worsened the medical condition"). It is not enough to plead, as Muhammad has, that Schauer acted cruelly in light of Muhammad's complaints. Accordingly, Muhammad's claim against Schauer is frivolous as pled.

However, Judge Baverman also found that "[b]ecause the medical department scheduled an appointment for [Muhammad] to see a doctor, and a doctor prescribed medications one week later, [Muhammad's] lung infection was not very serious." The Court declines to adopt this finding or any of the R&R's other characterizations concerning Muhammad's suffering, though they are not outcome-determinative.

Third, regarding the remaining Defendants, Muhammad seems to assert they acted negligently. But he failed to object to Judge Baverman's determination that the Court lacks diversity jurisdiction, as all parties appear to be Georgia citizens. Having reviewed the R&R on this point for clear error, and finding none, the Court adopts the R&R as it relates to subject matter jurisdiction.

Finally, the Court need not consider Muhammad's bid to add Correct Health as a defendant, as this request was never presented to Judge Baverman. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Nevertheless, the Court

notes that Correct Health's treatment of Muhammad occurred at a different time than his encounter with Schauer and, as Muhammad admits, is ongoing. Muhammad's dealings with Correct Health are clearly separate from his limited encounter with Schauer, so any claims relating to Correct Health are appropriately alleged in a separate action. *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (finding the district court did not abuse its discretion in dismissing the plaintiff's complaint because "[t]he actions of the defendants named by [the plaintiff] appear to be separate incidents, . . . occurring on different dates . . . ."). Indeed, Muhammad has already filed a separate complaint in which he raises these claims against Correct Health. *See Muhammad v. Correct Health Med. Staff*, Case No. 1:21-CV-5208-SDG (N.D. Ga.). Accordingly, the Court adopts the R&R and declines to join Correct Health to this lawsuit.

Muhammad's Objections [ECF 15] are **OVERRULED**, and the R&R [ECF 12] is **ADOPTED AS MODIFIED**. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 18th day of April, 2022.

Steven D. Grimberg
United States District Court Judge